IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SUSAN WRIGHT, <br><br> Plaintiff, <br><br> vs. <br><br> (1) USAA CASUALTY INSURANCE COMPANY, and <br> (2) UNITED SERVICES AUTOMOBILE ASSOCIATION, <br><br> Defendants. | Case No. 12-CV-113-GKF-FHM <br><br> Removal from D.C. Tulsa County, <br> CJ-2011-06720 |

**NOTICE OF REMOVAL**
28 U.S.C. § 1446(a)

TO THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA:

1. <u>Notice</u>. Pursuant to 28 U.S.C. §§ 1441 and 1446, and Rules 81.2 and 81.3 of the Local Civil Rules for the United States District Court for the Northern District of Oklahoma, Defendant USAA Casualty Insurance Company ("USAA CIC"), a foreign corporation, removes this action to this Court, which is the judicial district in which the action is pending. In support of this Notice, USAA CIC states as follows:

2. <u>The State Court Action</u>. Plaintiff, Susan Wright ("Plaintiff") commenced this action on October 31, 2011 in the District Court of Tulsa County, State of Oklahoma (Case No. CJ-2011-06720) (the "State Court Action"). [A copy of the Petition filed in Tulsa County is included in the State Court papers attached hereto as Exhibit "1(a)"].

3. Although the caption of the State Court Petition names two defendants, USAA CIC and United Services Automobile Association ("United Services"), there are no substantive allegations in the State Court Petition directed to United Services, only one summons was issued,

and that summons was served on USAA CIC, which is the insuring entity. USAA CIC was served through the Oklahoma Insurance Commissioner on February 14, 2012. [Ex. 2, Copy of Summons received by Oklahoma Insurance Commissioner].

4.   <u>Attachment of State Court Papers</u>.  Pursuant to Local Civil Rule 81.2, USAA CIC has attached as Exhibit "1" all state court papers filed or served in the State Court Action as of the time of removal and a copy of the docket sheet.  USAA CIC is also filing simultaneously herewith a Status Report on Removed Action.

5.   <u>Removal Is Proper</u>.  Removal to this Court from the District Court of Tulsa County, State of Oklahoma, is proper pursuant to 28 U.S.C. §§ 1441 and 1446, in that: (a) there is complete diversity of citizenship between Plaintiff and USAA CIC; (b) United Services is a nominal party fraudulently joined to defeat diversity jurisdiction and should be dismissed from this lawsuit (as discussed more fully below); (c) the amount in controversy exceeds $75,000; and (d) this Notice of Removal is filed less than thirty (30) days after USAA CIC was served with summons.

*A.*   *<u>Diversity of Citizenship Exists</u>*

6.   <u>Plaintiff is a Citizen of Oklahoma</u>: Plaintiff is a citizen and resident of the State of Oklahoma.  [*See* Ex. 3, Plaintiff's insurance policy with USAA CIC showing an Oklahoma address on the Declarations Page].

7.   <u>Defendant USAA CIC Is Not A Citizen of Oklahoma</u>.  As set forth by Plaintiff in paragraph 2 of her Petition, USAA CIC is a foreign corporation.  USAA CIC is organized and

existing under the laws of Texas, and it maintains its principal place of business in San Antonio, Texas.[1] [See Ex. 4, Affidavit of William McCartney].

8.  <u>Defendant United Services Has Been Fraudulently Joined</u>. The only allegation in the State Court Petition specifically directed to United Services is paragraph one, which states that United Services "is an unincorporated insurance company with its principal place of business in the state of Texas." The remainder of the allegations in the Petition are directed at United Services and USAA CIC collectively, making no distinction between the two entities. [*See* Ex. 1(a), Petition]. Nevertheless, it is clear that Plaintiff has no possibility of recovery against United Services on any of her causes of action because United Services is not a party to the insurance contract between Plaintiff and USAA CIC. Further, in light of the fact Plaintiff only sought and obtained one summons, it appears Plaintiff knows United Services is not a true defendant in this matter.

(a)  <u>Legal Standard for Fraudulent Joinder</u>

"[A] fraudulent joinder analysis [is] a jurisdictional inquiry." *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004). Fraudulent joinder describes "the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists." *AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990). It is well established that "the joinder of a resident defendant against whom non cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." *Roe v. General American Life Ins. Co.*, 712 F.2d 450, 452 (10th Cir. 1983). Accordingly, a federal court must disregard nominal or formal parties

---

[1] In her Petition, Plaintiff incorrectly alleges that USAA CIC is a Delaware corporation. Nevertheless, there is no dispute that USAA CIC is organized and existing under the laws of a state other than Oklahoma.

and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). In order to establish fraudulent joinder, a defendant must show that the plaintiff either (1) committed outright fraud in pleading the jurisdictional facts, or (2) has no possibility of recovery against the non-diverse defendant. *Ryan v. State Farm Fire and Cas. Co.*, 2010 WL 56153, *2 (N.D. Okla., Jan. 4, 2010). In cases where fraudulent joinder is alleged, the court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

Here, Plaintiff has no possibility of recovery against United Services on any of the causes of action asserted in her Petition. Plaintiff has asserted causes of action for breach of contract, breach of the duty of good faith and fair dealing ("bad faith"), and negligence, but the <u>only</u> basis for claiming that any of these causes of action are against United Services is that Plaintiff chose to put United Services' name in the caption and then lump United Services with USAA CIC together as "Defendants." That is not sufficient to state any cause of action against United Services.

(b)     Breach of Contract Claim

To the extent Plaintiff even alleges her breach of contract claim is against United Services, that cause of action fails as a matter of law because United Services is not a party to the insurance contract upon which Plaintiff is suing. Plaintiff's lawsuit is based on USAA CIC's alleged failure to pay the full amount of Plaintiff's claim under the Medical Payment ("MedPay") provisions of her automobile insurance policy. [*See* Ex. 1(a), Petition at p. 2]. USAA CIC issued Plaintiff an automobile insurance policy, policy no. 00672 24 57C 7101 6, which provides MedPay coverage. The <u>only</u> parties to this automobile insurance policy are

Plaintiff and USAA CIC. [*See* Ex. 4, Affidavit of William McCartney]. The declarations page of Plaintiff's policy plainly shows that the policy was issued by USAA CIC:

```
USAA CASUALTY INSURANCE COMPANY              AMENDMENT TO
    (A Stock Insurance Company)        State 03        Veh    POLICY NUMBER
 9800 Fredericksburg Road - San Antonio, Texas 78288  OK  064    Terr  00672 24 57C 7101 6
    OKLAHOMA AUTO POLICY                POLICY PERIOD:    (12:01 A.M. standard time)
      AMENDED DECLARATIONS              EFFECTIVE JAN 27 2010 TO APR 24 2010
    (ATTACH TO PREVIOUS POLICY)                     OPERATORS
    red and Address                     01 SUSAN A WRIGHT
```

[Ex. 3, Plaintiff's Insurance Policy at Declarations Page]. In addition, letters sent to Plaintiff during the claims investigation clearly demonstrate that the insuring entity is USAA CIC:

> Sincerely,
>
> *[signature]*
>
> Jennifer L. Berry
> San Antonio Casualty Claims
> USAA Casualty Insurance Company

[Ex. 5, Letter from USAA CIC to Plaintiff (5/28/2010)]. Letters sent to Plaintiff's attorney during the claims investigation similarly show that, USAA CIC, not United Services is the insuring entity:

> Sincerely,
>
> *[signature]*
>
> Elizabeth R Sandoval
> Central Region
> USAA Casualty Insurance Company

[Ex. 6, Letter from USAA CIC to Tom Sullivent (12/10/2010)]. Additionally, the insurance identification card for Plaintiff's policy also show that USAA CIC, not United Services, is the insuring entity:

5

```
Name  SUSAN A WRIGHT              Policy Number  00672 24 57C101 6
                                  Effective Date 04/24/09
                                  Expiration Date 04/24/10
                                  Year           Make
                                  2008           LEXUS
                                  Vehicle Identification Number
                                  JTHBJ46G582190538
       Examine policy exclusions carefully. This form does not constitute any
       part of your insurance policy.
USAA CASUALTY INSURANCE COMPANY
9800 Fredericksburg Road          POLICY SERVICE (800) 531-8111
San Antonio, Texas 78288          CLAIMS (800) 531-8222
```

[Ex. 7, Plaintiff's Insurance Identification Card].

It is axiomatic that a defendant cannot be held liable for alleged breach of a contract to which it never agreed and is not a party. The elements of a cause of action for breach of contract are well established in Oklahoma, they are: (1) the existence of a contract; (2) breach of that contract; and (3) actual damages as a result of the breach. *Oltman Homes, Inc. v. Mirkes*, 2008 OK CIV APP 64, 190 P.3d 1182, 1186. Here, Plaintiff's cause of action for breach against United Services fails to satisfy the first element of a cause of action for breach of contract because no contract exists between Plaintiff and United Services. Plaintiff has not specifically alleged that United Services is a party to the insurance contract between her and USAA CIC and Plaintiff has not alleged that United Services is otherwise responsible for the contractual obligations of USAA CIC.[2] Thus, Plaintiff has no possibility of recovery against United

---

[2] Only the causes of action and allegations asserted in Plaintiff's State Court Petition should be considered when determining fraudulent joinder. Thus, in the event Plaintiff later attempts to argue that United Services can somehow be held liable for USAA CIC's actions based on the relationship between the two entities, such allegations – which are not contained in the Petition – should have no bearing on the Court's fraudulent joinder determination. *See Poulos v. NAAS Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) ("Although [defendant] bears a heavy burden to establish fraudulent joinder, *it need not negate any possible theory that [plaintiff] might allege in the future: only his present allegations count.*") (emphasis added). Nevertheless, even if the Court were to consider such arguments, removal is still proper because United Services and USAA CIC are separate and distinct legal entities which have separate Boards of Directors and officers, have separate bylaws, file separate premium tax returns, separately file the financial statements required by the Oklahoma Insurance Department, and are separately licensed in Oklahoma. [Ex. 4, Affidavit of William McCartney].

Services on her breach of contract claim. *See Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006) (denying remand, finding no claim for breach of contract where plaintiffs failed to allege that the nondiverse defendants were parties to the insurance contract with plaintiffs).

Courts in other jurisdictions have found that United Services was fraudulently joined as a defendant in similar circumstances where United Services was not the insuring entity. In *Pegg v. United Services Auto. Ass'n*, U.S.D.C.N.J., No 09-2108, the district court found "absolutely no reasonable basis" to support a breach of contract claim against United Services where a subsidiary of United Services issued the insurance policy:

> Upon reviewing the policy of the insured under which Plaintiff asserts his cause of action, it is clear that USAA CIC is the insurance carrier for Plaintiff and not USAA [United Services]. The declaration pages clearly identify USAA CIC as the corporate entity which entered into the contract to provide insurance coverage . . . . Moreover, the insurance identification cards . . . clearly identify the insuring company as USAA CIC, and not USAA. Nowhere in the policy is USAA identified as the insurer for the insured. The fact that the USAA logo appears sporadically throughout the insurance policy does not impose a contractual obligation upon USAA to insure the Plaintiff. And to the extent that Plaintiff now asserts that this Court should pierce the corporate veil in order to hold USAA liable, no facts alleged in the Complaint support such a proposition. Even taking into account the high standard for dismissing a non-diverse party based on fraudulent joinder, it is clear that New Jersey law simply does not permit a plaintiff to sue a party other than the insure[r] for breach of contract under an insurance policy.

[Ex. 8, *Pegg v. United Services Auto. Ass'n*, U.S.D.C.N.J., No 09-2108 Opinion and Order entered Sept. 9, 2009; *see also*, Ex. 9, Minute Order, *Holden v. United Services Auto. Ass'n*, No. 07-5424 (C.D. Cal. entered Nov. 20, 2007) (finding fraudulent joinder of USAA where USAA subsidiary issued the insurance policy); Ex. 10, Order and Reasons, *Schewe v. USAA Cas. Ins. Co.*, No. 06-881 (E.D. La. entered July 27, 2007) (finding that USAA improperly joined where

USAA GIC issued policy); Ex. 11, *Salkin v. United Services Auto. Ass'n*, 767 F. Supp. 2d 1062 (C.D. Cal. 2011) (finding USAA fraudulently joined)]. Nothing about Plaintiff's joinder of United Services distinguishes it from the cases cited above. Plaintiff's joinder of United Services is fraudulent and therefore the joinder does not defeat diversity jurisdiction in this matter.

    (c) <u>Bad Faith Claim</u>

To the extent Plaintiff alleges her bad faith claim is against United Services, that cause of action likewise fails as a matter of law. In Oklahoma, strangers to an insurance contract generally cannot be held liable for breach of the duty of good faith and fair dealing. In *Allstate Ins. Co. v. Amick*, 1984 OK 15, 680 P.2d 362, 364, the Oklahoma Supreme Court explained that "[t]his single duty of dealing fairly and in good faith with the insured arises from the contractual relationship. In the absence of a contractual or statutory relationship, there is no duty which can be breached." *See also Cloud v. Ill. Ins. Exch.*, 701 F. Supp. 197, 201 (W.D. Okla. 1988) ("Under Oklahoma law, a 'stranger' to a contract of insurance cannot be held liable for a breach of the duty of good faith and fair dealing.") As set forth above, United Services is not a party to Plaintiff's automobile insurance policy. Thus, Plaintiff cannot assert a claim against United Services for breach of the duty of good faith arising from that policy. Additionally, Plaintiff does not have a statutory relationship with United Services, nor has one been alleged. Because Plaintiff has neither a statutory nor a contractual relationship with United Services, there is no duty of good faith and fair dealing which can be breached by United Services. Consequently, Plaintiff has no possibility of recovery against United Services on her bad faith claim.

(d)     Negligence Claim

To the extent Plaintiff even argues that a negligence claim lies against United Services, that cause of action fails as a matter of law for two reasons: (1) United Services owed no duty to Plaintiff which could be breached, and (2) even if United Services was Plaintiff's insurer, which it is not, an insurer cannot be held liable for mere negligence under Oklahoma law.

"The threshold requirement in any case based on negligence is to establish the existence of a duty, for there can be no negligence in the absence of a defendant's duty to the plaintiff." *Scott v. Archon Group, L.P.*, 2008 OK 45, 191 P.3d 1207, 1211. Whether a duty exists on the part of a particular tortfeasor is a question of law for the court. *Id.* Here, United Services owed no duty to Plaintiff. Plaintiff's automobile insurance policy was issued solely by USAA CIC. There is no question that USAA CIC owed Plaintiff a duty with respect to her MedPay claim. That duty, however, does not exist with respect to United Services, who is not a party to the insurance contract and has no statutory relationship with Plaintiff. Plaintiff's Petition is devoid of any allegations supporting an existence of a duty owed to her by United Services. For this reason, Plaintiff has no possibility of succeeding on a negligence claim against United Services.

In addition, Plaintiff's negligence claim fails because an insurer cannot be held liable to its insured for negligent claims handling in Oklahoma. The Petition alleges that Defendants "negligently handled Plaintiff's claim." [Ex. 1(a), Petition at ¶ 19]. The Oklahoma Supreme Court's decision in *Badillo v. Mid Century Ins. Co.*, 2005 OK 48, 121 P.3d 1080, 1094 addressed the minimum level of culpability necessary for liability to attach to an insurer for breach of the duty of good faith and fair dealing. The *Badillo* Court found that an insurer cannot be held liable for the negligent handling of an insurance claim. On this point, the Oklahoma Supreme Court eliminated any room for doubt, stating:

> <u>The minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence,</u> but less than the reckless conduct necessary to sanction a punitive damage award against said insurer.

*Id.* at 1094 (emphasis added). Therefore, Plaintiff's attempt to hold United Services liable for negligent claim handling fails as a matter of law because United Services cannot be held liable in tort for claims handling that amounts to simple negligence. Accordingly, Plaintiff has no possibility of success on her negligence claim against United Services and United Services citizenship should not be considered by this court in determining whether diversity jurisdiction exists.

**B.     <u>The Amount In Controversy Exceeds $75,000</u>[3]**

9.  <u>Plaintiff Specifically Alleges Damages Exceeding $75,000</u>. The allegations in Plaintiff's Petition make clear that the amount in controversy exceeds $75,000. The Petition asserts causes of action against USAA CIC for breach of contract and bad faith/breach of the duty of good faith and fair dealing. Paragraph 23 of the Petition states "[a]s a result of the acts and/or omissions, Plaintiff respectfully requests damages be found against Defendants in Plaintiff's favor <u>in the amount in excess of seventy-five thousand dollars ($75,000.00)</u>." [Ex. 1(a), Petition at ¶ 23) (emphasis added)]. Accordingly, Plaintiff's Petition plainly seeks over $75,000.00 in contract and tort damages, thus satisfying the jurisdictional amount.

10. <u>Plaintiff's Petition Seeks Punitive Damages and Attorney Fees</u>. In addition to seeking over $75,000.00 in damages for alleged breach of contract and bad faith, Plaintiff also seeks punitive damages. [*See* Ex. 1(a), Petition at ¶ 26]. Plaintiff alleges that Defendants "recklessly disregarded their duty to deal fairly and act in good faith with Plaintiff" and that Defendants "intentionally and with malice breached their duty to deal fairly and act in good faith

---

[3] The particularized statements of fact in this section are structured to comply with Local Civil Rule 81.3(a)(1).

with Plaintiff." [*See Id.* at ¶¶ 22-26]. The United States Supreme Court has recognized the amount in controversy for removal of a case to federal court includes a plaintiff's claim for punitive damages. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). USAA CIC is aware that a plaintiff's mere assertion of punitive damages is not, in and of itself, sufficient to establish the amount in controversy. Here, however, USAA CIC does not rely solely on Plaintiff's claim for punitive damages to establish the jurisdictional amount. Rather, Plaintiff's punitive damages request is merely one of many facts which, in combination, establish that well more than $75,000.00 is at stake.

Furthermore, Plaintiff's Petition states she is entitled to attorney's fees. [*See Id.* at "Wherefore" clause]. In Oklahoma, an insured can recover attorney fees in a bad faith suit against his or her insurer pursuant to 36 O.S. §§ 1219 and 3629. *See Badillo*, 121 P.3d at 1107. In fact, § 3629 makes attorney fees mandatory if the insured is the prevailing party under the statute. *Stauth v. National Union Fire Ins. Co. of Pittsburg*, 236 F.3d 1260, 1267 (10th Cir. 2001). The potential award of attorney fees, in addition to the contract and punitive damages sought, should be considered in determining whether the jurisdictional amount is satisfied. *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1214, 1218 (10th Cir. 2003); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). As noted by the Northern District of Oklahoma, attorney fee awards can be substantial in and of themselves." *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1278 (N.D. Okla. 2006). *See also Lindley v. Life Investors Ins. Co. of America*, 2008 WL 4525423 (N.D. Okla., Oct. 2, 2008) (valuing attorney fees in a bad faith case based on a denial of medical benefits claim at $45,000 for purposes of determining the amount in controversy). Accordingly, Plaintiff's potential recovery of attorney

fees is a proper and substantial factor for the Court to consider in determining the amount in controversy exceeds $75,000.

C.    *The Removal Is Timely And Procedure Is Proper*

11.   Removal Within Thirty Days Of Receipt. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after USAA CIC was served with summons through the Insurance Commissioner for the State of Oklahoma, which was on February 14, 2012. [Ex. 2, copy of Summons].

12.   Notice Of Filing. Written notice of the filing of this Notice of Removal will be given promptly to the Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the District Court of Tulsa County, State of Oklahoma, as provided by 28 U.S.C. § 1446(d). [*See* Ex. 12, Notice of Filing of Notice of Removal].

13.   Payment Of Removal Fee. USAA CIC's counsel has forwarded a check for the removal fee to the Clerk of this Court simultaneously with the filing of this Notice.

WHEREFORE, Defendant USAA Casualty Insurance Company removes this action to this Court and invokes this Court's jurisdiction.

DATED this 5th day of March, 2012.

/s/ Kyle D. Evans
Brooks A. Richardson (OBA #18133)
Kyle D. Evans (OBA #22135)
FELLERS, SNIDER, BLANKENSHIP,
   BAILEY & TIPPENS
100 North Broadway, Suite 1700
Oklahoma City, OK  73102-8820
Telephone:  (405) 232-0621
Facsimile:  (405) 232-9659
E-mails:  brichardson@fellerssnider.com
              kevans@fellerssnider.com

Attorneys for Defendant, USAA Casualty Insurance Company

**Certificate of Service**

I hereby certify that on March 5, 2012, I electronically transmitted the foregoing instrument to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: **Tom Sullivent**

I hereby certify that on March 5, 2012, I served the same document by:

☐  U.S. Postal Service        ☐  In Person Delivery

☐  Courier Service            ☐  E-mail

on the following, who are not registered participants of the ECF System:

Name(s) and         N/A
Address(es):

                              /s/ Kyle D. Evans
                              Signature

80271 – 586920 v1